UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-0431-UA (JEM) | Date | April 29, 2014 |
|---|---|---|---|
| Title | Ronald Williams v. Johnson, et al. | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge | |
|---|---|---|
| S. Anthony | | |
| Deputy Clerk | Court Reporter / Recorder | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY <u>IN FORMA PAUPERIS</u> APPLICATION SHOULD NOT BE DENIED

**I.
Proceedings**

On February 18, 2014, Ronald Williams ("Plaintiff") filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the Eastern District of California, along with an <u>in forma pauperis</u> application in order to proceed without payment of the full filing fee. (Docket Nos. 1, 2.) On March 6, 2014, the case was transferred to this Court. (Docket No. 4.) Because Plaintiff has requested leave to proceed <u>in forma pauperis</u>, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons set forth below, Plaintiff is ordered to show cause why his <u>in forma pauperis</u> application should not be denied.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**II.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-0431-UA (JEM) | Date | April 29, 2014 |
|---|---|---|---|
| Title | Ronald Williams v. Johnson, et al. | | |

**Discussion**

A.  **Summary of Plaintiff's Allegations.**

Plaintiff's Complaint names as defendants the following officials of the Chuckawalla Valley State Prison ("CVSP"): Johnson, Head Nurse; Grace, Nurse; Jordan, Nurse Practitioner; Zugger, "2nd Watch" Correctional Officer. (Complaint at 1, 2-3.)[1] Plaintiff's "Statement of Claim" alleges as follows:

> On 2.21.12, Defendant Johnson used profanity, said I was faking and told me to leave and [not to] come back. Defendant Grace got loud, started yelling at me, and everyone heard my medical problems. She abused nurse/patient confidentiality. On 3.13.12, Doctor Jordan joined in and refused medical treatment by a specialist. She made a joke of my medical situation. [Correctional Officer] Zugger knew inmates were being cursed out and hollered at. He did nothing to calm the situation. Defendant Johnson was put on notice a 602 was coming and threatened that inmates would jump on me for snitching. CDCR is using my snitch jacket as a shield for their mistreatment of petitioner Mr. Ronald Williams.

(Complaint at 3 (minor spelling and grammatical errors corrected).) Under "Relief", Plaintiff further states:

> I want to be compensated in monetary compensation for 1,000,000 dollars for pain and suffering, mental abuse, abuse of authority, reprisal, [and] refusing to treat serious medical problems due to budgetary concerns.

(Id.)

B.  **Legal Standard.**

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam) (citation and internal quotation marks omitted); see also 28 U.S.C. § 1915(e)(2)(B) (court shall dismiss in forma pauperis case at

---

[1] For ease of reference, the Court labels and refers to the pages in the Complaint in consecutive order, i.e., 1-33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-0431-UA (JEM) | Date | April 29, 2014 |
|---|---|---|---|
| Title | Ronald Williams v. Johnson, et al. | | |

any time it determines the action: "(i) is frivolous or malicious; [¶] (ii) fails to state a claim on which relief may be granted; [¶] or (iii) seeks monetary relief against a defendant who is immune from such relief."). Dismissal is appropriate if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

In considering whether to dismiss a complaint, the Court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94; Albright v. Oliver, 510 U.S. 266, 267 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*.") (italics in original). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**C.     Analysis.**

    **1.     Plaintiff's Complaint Is Subject To Dismissal Pursuant to Rule 8.**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff should set forth

Case 5:14-cv-00431-UA-JEM Document 7 Filed 04/29/14 Page 4 of 7 Page ID #:104

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-0431-UA (JEM) | Date | April 29, 2014 |
|---|---|---|---|
| Title | Ronald Williams v. Johnson, et al. | | |

"who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

Plaintiff's Complaint does not comply with the standards of Rule 8. The Complaint sets forth Plaintiff's allegations in one brief paragraph, apparently mixing facts related to several claims, and includes approximately 33 pages of exhibits. The Complaint is vague, confusing, and conclusory. Plaintiff's allegations fail to clearly identify each individual claim, the incident(s) giving rise to each claim, and the specific Defendants Plaintiff believes are liable for each of those claims. This is insufficient. The court is not required to sort through Plaintiff's allegations and exhibits in search of a viable claim, Independent Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003); see Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994), and plaintiff's failure to plainly and succinctly provide each defendant with fair notice of the bases for his allegations violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000), cert. denied, 532 U.S. 1008 (2001) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").

In sum, Plaintiff's Complaint is subject to dismissal under Rule 8 as well as the other grounds discussed herein.

### 2. **Plaintiff's Complaint Is Subject To Dismissal Pursuant to Rule 10.**

Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket

Case 5:14-cv-00431-UA-JEM Document 7 Filed 04/29/14 Page 5 of 7 Page ID #:105

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-0431-UA (JEM) | Date | April 29, 2014 |
|---|---|---|---|
| Title | Ronald Williams v. Johnson, et al. | | |

becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted).

Here, the Complaint is subject to dismissal pursuant to Rule 10 because it improperly mixes allegations apparently related to different claims and involving different defendants in a single paragraph.

### 3. **Plaintiff's Complaint Is Subject To Dismissal For Failure To State A Claim.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985 (1999); West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright, 510 U.S. at 271 (internal quotations and citation omitted). The first step is to identify the specific constitutional or federal right allegedly infringed. Id. In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377, 96 S.Ct. 598, 604-05, 607 (1976).

Here, Plaintiff fails to allege the deprivation of a constitutionally or federally protected right. See American Mfrs. Mut. Ins. Co., 526 U.S. at 49, 119 S.Ct. at 985. As an initial matter, "verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (internal citations and ellipsis omitted); (see Complaint at 3 (asserting that "Defendant Johnson used profanity", Defendant Grace "got loud [and] started yelling at [Plaintiff]", "Doctor Jordan . . . made a joke of [Plaintiff's] medical situation", and "[Defendant] Zugger knew inmates were being cursed out and hollered at . . . [but] did nothing to calm the situation").)

Moreover, to the extent Plaintiff alleges he was denied medical care, not every claim by a prisoner relating to inadequate medical treatment states a constitutional violation. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotations omitted). Deliberate indifference may be manifested in two ways: either when prison officials deny, delay or intentionally interfere with medical treatment, or by the way that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-0431-UA (JEM) | Date | April 29, 2014 |
|---|---|---|---|
| Title | Ronald Williams v. Johnson, et al. | | |

prison physicians provide medical care. Estelle, 429 U.S. at 104-05; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). In either case, the indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. Estelle, 429 U.S. at 105-06; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Similarly, mere delay in providing a prisoner with medical treatment, without more, does not amount to a constitutional violation. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, Petitioner's allegations are insufficient to state a claim for deliberate indifference. Petitioner does not allege that he suffered from a serious medical need or that defendants exhibited deliberate indifference to such a need.

To the extent Plaintiff asserts any other grounds for relief in the Complaint, these allegations are vague and conclusory and manifestly insufficient to state a Section 1983 claim. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Price v. Hawaii, 939 F.2d 702, 708 (9th Cir. 1991), cert. denied, 503 U.S. 938 (1992).

## III.
## Conclusion

Based the foregoing, IT IS ORDERED THAT:

1. Plaintiff is ordered to show cause on or before **May 29, 2014**, why his in forma pauperis application should not be denied. If Plaintiff still wishes to pursue this action, he shall have until **May 29, 2014**, to submit a First Amended Complaint, attempting to cure the defects in the Complaint.

2. The First Amended Complaint must be labeled "First Amended Complaint" and contain the case number assigned to the case, i.e., Case No. ED CV 14-0431 UA (JEM). The First Amended Complaint shall be complete in itself. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-0431-UA (JEM) | Date | April 29, 2014 |
|---|---|---|---|
| Title | Ronald Williams v. Johnson, et al. | | |

F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

     3. The First Amended Complaint must remedy the deficiencies discussed herein. Plaintiff must use and complete the Central District's "Civil Rights Complaint" form for the First Amended Complaint. The First Amended Complaint must comply with Federal Rules of Civil Procedure 8 and 10, and with any and all instructions in the form complaint. Plaintiff must clearly describe what each defendant did to violate his civil rights, and he must clearly **number and distinguish from one another every civil rights claim** he intends for the court to address. **Any claim that is not clearly numbered or separated from all other claims will not be addressed as a separate claim for relief**. Plaintiff's First Amended Complaint should also allege the deprivation of constitutionally or federally protected right(s). Plaintiff should avoid conclusory statements and the formulaic recitation of elements of a cause of action. See Twombly, 550 U.S. at 555.

     4. Failure to comply with these requirements may result in a recommendation that the in forma pauperis application be denied for failure to state a claim on which relief may be granted. The failure to properly respond to this OSC may result in a recommendation that the in forma pauperis application be denied for failure to prosecute and/or failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Fed. R. Civ. P. 41(b).

     5. The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form.

IT IS SO ORDERED.

cc: Parties

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | sa |